HIGGINS, Justice.
 

 The accused was indicted for the offense of aggravated arson. He was tried and found guilty, as charged. The trial judge sentenced him to fifty-four months at hard labor in the State Penitentiary. He appealed and relies upon five bills of exception for the annulment of the verdict of the jury and the sentence of the court.
 

 We shall first consider Bill of Exception No. 5, reserved to the- failure and refusal of the trial judge to charge the jury on the law of circumstantial evidence, and to the alleged improper instructions as to what constitutes reasonable doubt.
 

 The judge’s charge to the jury is in the record and there is nothing in it with reference to the law of circumstantial evidence. In his per curiam, he states that there was no request for such a charge, and, furthermore, if it had been made, it would have been refused, because there was direct evidence by an eye-witness who identified the accused as the party who set fire to the building.
 

 The bill of exception leaves no doubt that counsel for the accused timely requested that the judge place his charge in writing,
 
 *69
 
 and, in the presence of the jury, he objected to the charge given by the judge before the jury retired, pointing out that the judge had failed to instruct the jury on the law of circumstantial evidence.
 

 Under the provisions of Article 391 of the Code of Criminal Procedure, it is incumbent upon the defendant to object, in the presence of the jury and before it retires, to the charge given, and to reserve a bill of exception, accompanied by a statement of facts showing the error complained of by him. The bill of exception, in the instant case, sufficiently complies with the provisions of this article. The defendant was not required to formulate a special written charge on the law of circumstantial evidence and to request that it be given to the jury. The objection of the defendant’s counsel and the bill of exception reserved clearly show that the error complained of was the failure and refusal of the judge to so instruct the jury.
 

 In connection with the other reason assigned by the trial judge, in the per curiam, for his failure or refusal to charge the jury on circumstantial evidence, it appears that a State witness, on direct examination, identified the accused as the party whom he saw throw something in the building and then set fire to a piece of paper and cast it inside thereof. On cross-examination, he admitted that, he did not see the man’s face and that he identified him by his clothing and the manner in which he walked. On re-direct examination, he admitted having given the Fire Marshal a statement in writing wherein he identified the accused as the party who set fire to the building. Another witness testified that before the fire, he saw the defendant with a jug in his hand at the scene of the crime. Other witnesses saw the accused in the vicinity, after the fire. Under these facts and circumstances, the defendant was entitled to have the court instruct the jury with reference to the law of circumstantial evidence. Our learned brother below, having failed or refused to do so, the jury was left in a position where it was unguided by the law in considering and weighing the circumstantial evidence.
 

 Where there is direct evidence, the State is obliged to prove the case beyond a reasonable doubt. Article 387, Code of Criminal Procedure. Whenever the State relies upon circumstantial evidence, it must be sufficiently complete and strong to eliminate every reasonable hypothesis of innocence. Marr’s Criminal Jurisprudence, Vol. 2, 2nd Ed., Sec. 562, page 863; State v. Simien, 30 La.Ann. 296.
 

 In State v. Allen, 129 La. 733, 56 So. 655, 657, Ann.Cas.l913B, 454, the accused was charged with and convicted of sending threatening letters for the purpose of extorting money. The defendant contended under one of her bills of exception that the State relied entirely on circumstantial evidence. The district attorney took the position that all of its evidence was not circumstantial, but some of it was direct. The trial judge charged the jury as follows :
 

 “ T charge you that circumstantial evidence is legal, and you may convict on such evidence alone. But I charge you that, to do so, the circumstances relied on
 
 *71
 
 for conviction must not only be consistent with defendant’s guilt, but inconsistent with every other reasonable hypothesis.’
 

 “ ‘This rule applies only when conviction depends entirely on circumstantial evidence, so that, if there is any direct evidence tending to connect the defendant with the commission of the crime charged, the rule above given does not apply.’ ”
 

 In upholding the trial court’s ruling, this Court stated:
 

 “The purpose of the statement of facts in one of the bills of exceptions, as before stated, was to show that the state ■ relied entirely on circumstantial evidence.
 

 "The district attorney’s contention was that the evidence was not all circumstantial ; that there was some of it direct.
 

 “The trial judge instructed the jury, as before stated, in accordance with the defendant’s request, but qualified the charge by adding, substantially, that the jury would determine whether it was circumstantial or direct.
 

 “The charge was given so as to cover the whole law on the point.
 

 “As given, we have not found that it was objectionable.”
 

 See also State v. Jenkins, 134 La. 185, 63 So. 869.
 

 In the instant case, the district judge plainly failed or refused to instruct the jury on this subject. As the members of the jury are the judges of the la-w and facts in a criminal proceeding, it was their function, and not the trial judge’s, to determine whether they would accept or rej ect the testimony of the State’s alleged eyewitness. They were the only ones who could decide whether they would rely upon the direct or the circumstantial evidence, or both, in arriving at their verdict. If they disbelieved the witness, who is said to have given direct evidence, and concluded to rest their verdict upon the circumstantial evidence, it was their exclusive right to do so. The effect of the ruling of the trial judge was to deprive the jury of any instructions whatsoever on the law of circumstantial evidence. The accused was entitled to have the jury instructed on this rule of law.
 

 The State relies on the case of State v. Stroud,
 
 198
 
 La. 841, 5 So.2d 125. That authority is not controlling here because, there, neither the defendant nor his counsel, at any time, either in the district court or before this Court,, were able to point out any error in the instructions of the district judge to the jury.
 

 In passing, with reference to the State having the burden of proving the case to the satisfaction of the jury and beyond a reasonable doubt in connection with the question of what constitutes a reasonable doubt, we might say that the trial judge’s instructions to the jury are confusing and not clear. Article 387, Code of Criminal Procedure.
 

 It is not necessary for us to consider the other bills of exception herein, because they cover matters' which will probably not arise in a second trial.
 

 For the reasons assigned, it is ordered, adjudged and decreed that the verdict of
 
 *73
 
 the jury and the judgment of the court are annulled and set aside and the case is remanded to the district court for a new trial.